## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN R. CONWAY, EVELYN R. CONWAY, and STEPHANIE CONWAY, Individually, and as mother and natural Guardian of D. A. and T. A., )<br><br>Plaintiffs, )<br><br>vs. )<br><br>GENE E. SCHROER and ANNE E. SCHROER, )<br><br>Defendants. ) | Case No. 04-CV-4164-KGS |

## ORDER GRANTING JUDGMENT
## AND APPROVING THE PARTIES SETTLEMENT AGREEMENT

This matter comes before the court on March 29, 2006, pursuant to the parties Joint Motion For An Order Granting Judgment and Approval of the Settlement Agreement. The plaintiffs appear in person and through counsel Stephen D. Lanterman. The Defendants appear through counsel Arthur Palmer. The minor children, T.A. and D.A. appear through their Guardian Ad Litem, Michael Jackson. After hearing the arguments of counsel, reviewing the file, and otherwise being duly and fully advised in the premises, the Court finds as follows:

1. The Defendants were the former owners of a residence at 1812 SW Cherokee St., Topeka, Kansas.

2. Defendants transferred the property located at 1812 SW Cherokee St., Topeka, Kansas, to Plaintiffs Steven R. Conway and Evelyn R. Conway, knowing that the residence was to be occupied by Stephanie Conway and the minor Plaintiffs D.A. and T.A.

3. In transferring the property, the Defendants did not comply with certain notice requirements contained in the Lead-Based Paint Poisoning Prevention Act, 42 U.S.C. '4851, *et*

*seq.*

4. That after residing in the property, the minor Plaintiffs D.A. and T.A. had raised lead levels in their blood stream.

5. While it is not presently believed that the minor Plaintiffs D.A. and T.A. will suffer any permanent disabilities or suffer any permanent medical problems, it is believed that that the minor Plaintiffs should be moved from the residence to prevent any further lead exposure.

6. As a result of the actions of the Defendants, the Plaintiffs, including the minor Plaintiffs D.A. and T.A., are entitled to recover certain damages against the Defendants.

7. The parties, through mediation, were able to enter into a settlement agreement that provides for resolution of all claims in this action.

8. The Court has also appointed a Guardian Ad Litem to review the terms and conditions of the parties settlement agreement, and that the Guardian Ad Litem has reported to the Court that the terms and conditions of the parties' settlement agreement are fair and adequate.

9. The Guardian Ad Litem, as appointed by the court, has incurred certain fees for the services performed, and that those fees and costs have already been paid by the plaintiffs in this action.

10. The Court has reviewed the terms and conditions of the parties settlement agreement and found the same to be fair, adequate, and in the best interests of the minor plaintiffs.

**IT IS THEREFORE THE ORDER AND JUDGMENT OF THE COURT** that the parties settlement agreement, provided under seal, is approved as presented and that the parties shall make all payments and perform all actions in accordance with the terms and conditions of the settlement agreement.

**IT IS FURTHER ORDERED** that Judgment shall be entered in favor of Plaintiff, D.A. in the sum of $5,000.00, of which $1,000.00 shall be paid to Stephanie Conway to pay for necessary items and expenses for the minor child, and the remaining $4,000.00 shall be placed in a certificate of deposit with a FDIC insured institution in the State of Kansas. Such certificate of

deposit shall remain with a FDIC insured institution until the minor child turns 18 years of age, at which point the funds shall be paid to the minor child. Payment for this judgment shall be made from the funds set forth in the parties' settlement agreement.

**IT IS FURTHER ORDERED** that Judgment shall be entered in favor of Plaintiff, T.A. in the sum of $5,000.00, of which $1,000.00 shall be paid to Stephanie Conway to pay for necessary items and expenses for the minor child, and that $4,000.00 shall be placed in a certificate of deposit with a FDIC insured institution in the State of Kansas and that such certificate of deposit shall remain with such institution until the minor child turns 18 years of age, at which point the funds shall be paid to the minor child. Payment for this judgment shall be made from the funds set forth in the parties' settlement agreement.

**IT IS FURTHER ORDERED** that once the terms of the settlement agreement have been fully complied with, the parties shall dismiss this action with prejudice, and plaintiffs shall file a satisfaction of judgment with regards to the payment of funds from the settlement agreement to D.A. and T.A.

**IT IS FURTHER ORDERED** that with the exception of the Guardian Ad Litem fees, which have already been paid for by the plaintiff, each party shall pay their own fees and costs associated with pursuing this action.

s/ K. Gary Sebelius

K. GARY SEBELIUS

United States Magistrate Judge